### George A. Forbes and William Luther, Appellees, v. George S. Hunter, Appellant.

1. SALES—*when property in goods passes.* Where there is a contract to sell specific or ascertained goods, the property in them is transferred at such times as the parties intend it to be, and, unless a different intention appears, where there is an unconditional contract to sell specific goods in a deliverable state, the property therein passes when the contract is made and it is immaterial that the time of payment or the time of delivery, or both, be postponed:

2. AUCTIONS AND AUCTIONEERS—*passing of property in sheep purchased as immaterial in action for nondelivery.* In an action to recover damages for nondelivery of sheep purchased at an auction, it is immaterial whether or not the property in the sheep passed, because, if there was a contract of sale and the property passed, a right of action for refusal to deliver was given by Cahill's Ill. St. ch. 121a, ¶ 69, while if such contract was made and the property did not pass, a right of action for wrongful neglect or refusal to deliver the goods is given (Cahill's Ill. St. ch. 121a, ¶ 70).

3. AUCTIONS AND AUCTIONEERS—*right to withdraw goods from*

*sale.* When goods are put up for sale at auction, and the auction has been announced to be without reserve, they cannot be withdrawn from sale by the auctioneer (Cahill's Ill. St. ch. 121a, ¶ 24).

4. AUCTIONS AND AUCTIONEERS—*when sale is complete.* An auction sale is complete when the auctioneer announces its completion by the fall of the hammer, or in other customary manner (Cahill's Ill. St. ch. 121a, ¶ 24).

5. AUCTIONS AND AUCTIONEERS—*when no right to resell exists.* Though it was announced at an auction that the right was reserved to resell any goods as to which a dispute arose, there was no right to resell sheep where no dispute had in fact arisen and they were not resold because a dispute had arisen but because the seller wanted them sold differently.

6. AUCTIONS AND AUCTIONEERS—*when purchaser entitled to damages sustained by refusal to deliver.* Where plaintiff's bid of a certain price for sheep at an auction was accepted by the auctioneer for the remaining sheep and the owner thereafter ordered them resold because he wanted them sold one pen at a time the purchaser was entitled to damages sustained by reason of the seller's wrongful refusal to deliver.

Appeal from the Circuit Court of Tazewell county; the Hon. CHARLES V. MILES, Judge, presiding. Heard in this court at the April term, 1921. Affirmed. Opinion filed October 25, 1921.

JOSEPH A. WEIL and JESSE BLACK, JR., for appellant.

DAILEY, MILLER, MCCORMICK & RADLEY and RALPH DEMPSEY, for appellees.

MR. JUSTICE HEARD delivered the opinion of the court.

George S. Hunter, the appellant, a farmer living in Tazewell county, operated a farm consisting of 2,100 acres of land. Having concluded to quit farming, on January 15, 1920, he had a combination farm and stock sale at his homestead. The property sold consisted of farm machinery, hogs, sheep, cattle and horses. Four auctioneers were employed by Hunter to conduct the sale. It was conducted in an area of about 6 or 8 acres, and there was approximately 5,000 people present.

The machinery, wagons, automobiles, buggies, sleds

and pens of stock were all in rows and numbered in lots, and the sheep were in 52 separate pens from 10 to 20 in a pen and the pens were numbered. There were two rows of pens of the sheep with an alley or street way between them.

The machinery, harness, hay and hogs and other property were sold first. At the opening of the sale an auctioneer, stating the terms of sale to the assembled crowd, made a public announcement that the auctioneers reserved the right to make a resale of anything over which a dispute arose.

When it came time to sell the sheep, the four auctioneers and appellant went to the sheep pens and appellant there made a speech extolling the sheep. After he had ended his speech an auctioneer started to cry pen 26. As he was crying that pen, some one in the crowd asked him how he was selling the sheep. He replied that he was selling one pen at a time with the privilege of taking as many as the purchaser wanted. After this, pen 26 was struck off to a man by the name of Witham. The auctioneer asked him how many he wanted. Witham replied he would take one pen. His bid per head on this pen was $8.25. He bid on the next pen, $7 per head, and the auctioneer struck that pen off to him and asked him how many he would take and he said, one pen. He bid on the next pen, $7.10 per head and that pen was struck off to him and the auctioneer asked him how many he would take and he again said, one pen. The fourth pen was then put up, being pen No. 23, and appellee Forbes bid for himself and Luther, $6.50 per head. The pen was struck off to him and the auctioneer asked him how many he wanted and both of the plaintiffs, Forbes and Luther, replied that they would take all the remaining sheep. The auctioneer then announced that all sheep were sold to the plaintiffs and that ended the sheep sale.

After the auctioneer had announced that all the

sheep were sold and after the transaction had been
entered by the clerk of the sale in his minute book in
which he was keeping a record of all the sales as they·
were made, an employee of appellant went to appel-
lant, who had gone to another part of. the premises,
and asked him how he wanted the sheep sold, without
informing him that they had already been struck off
to appellees. Appellant informed him that he wanted
them sold one pen at a time and upon the employee
stating this fact to the auctioneer, the auctioneer with-
out consulting with appellees or entering into any
dispute with them announced that he was going to
resell the sheep and over appellees' protest proceeded
to resell the same, with the exception of one pen, No. 23,
for $676 more than appellees had bid for them. The
next day appellees tendered to appellant the amount of
money for which the sheep had been struck off to ap-
pellees and demanded delivery of the sheep. Appel-
lant refused delivery, whereupon appellees brought
suit in assumpsit. A trial in the circuit court resulted
in a judgment for $676 and costs in favor of appellees
against appellant, from which judgment this appeal
has been perfected.

The sale bills advertising the sale contained the fol-
lowing: "Terms: $20.00 and under, cash; on all
sums over that amount a credit of 12 months will be
given, purchaser giving note with approved security
bearing interest at 7 per cent from date of sale. No
property to be removed until terms of sale are com-
plied with." It is claimed by appellant that by reason
of such terms the auction sale was a conditional sale;
that the property in the sheep did not pass to ap-
pellees and that therefore appellant is not liable.

Where there is a contract to sell specific or ascer-
tained goods, the property in them is transferred to
the buyer at such times as the parties to the contract
intend it to be transferred, and unless a different in-

tention appears where there is an unconditional contract to sell the specific goods in a deliverable state, the property in the goods passes to the buyer when the contract is made, and it is immaterial whether the time of payment, or the time of delivery, or both, be postponed. Sections 18, 19, ch. 121a, Rev. St. Ill. (Cahill's Ill. St. ch. 121a, ¶¶ 21, 22). In this case, however, it is immaterial whether or not the property in the goods passed. This is not an action in replevin to recover the sheep, but it is an action to recover damages for nondelivery of the same, and if there was a contract of sale and the property passed to appellees, then a right of action for wrongful neglect or refusal to deliver the goods is given by section 66, ch. 121a, Rev. St. Ill. (Cahill's Ill. St. ch. 121a, ¶ 69). If such contract was made and the property did not pass, section 67, Rev. St. Ill. (Cahill's Ill. St. ch. 121a, ¶ 70) gives a right of action for the wrongful neglect or refusal to deliver the goods.

Appellant contends that by reason of the auctioneer's announcement at the commencement of the sale that the auctioneer reserved the right to make a resale of any property over which a dispute arose, the auctioneer had a right to resell the sheep.

The sale bills advertising the sale contained the following: "Having decided to retire from active farming, I will close out at public sale, without reserve * * * 1200 head of American Delaine Sheep * * *." When goods are put up for sale at auction, and the auction has been announced to be without reserve, after the goods have been put up they cannot be withdrawn from sale by the auctioneer, and a sale is complete when the auctioneer announces its completion by the fall of the hammer, or in other customary manner. Section 21, ch. 121a, Rev. St. Ill. (Cahill's Ill. St. ch. 121a, ¶ 24).

Up to the time that the auctioneer announced that he was going to resell the sheep, no dispute had in fact

arisen, and they were not resold because a dispute had arisen, but because the seller wanted them sold differently.

Appellant had no right to resell the sheep, because prior to that time the sale to appellees had been completed.

Appellant having made a sale of the sheep in question and having wrongfully neglected and refused to deliver the same, appellees had a right of action against appellant for the damages sustained by them by reason thereof. Appellant assigns as error the giving of three of appellees' instructions. While instruction A is not technically correct, in view of the other instructions given, it could not have misled the jury. The instructions given to the jury as a whole were fully as favorable to appellant as the law warranted. Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*