TOY *v.* GRIFFITH OLDSMOBILE COMPANY.

1. AUCTIONS AND AUCTIONEERS—RESERVATION OF SELLER'S RIGHT TO BID—MOTOR VEHICLE RETAIL INSTALMENT SALES CONTRACT ACT—GENERAL SALES ACT.

   Motor vehicle retail instalment sales contracts act authorized seller to bid for the motor vehicle at auction sale after repossession without having made a reservation, being a special statute, is paramount over the earlier general sales act which requires the seller to make advance reservation of his right to bid at an auction sale (CL 1948, §§ 440.21, 566.305, 566.314).

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—STIPULATIONS.

   Question as to whether plaintiff bidder at an auction sale had any right, title or interest in subject matter of action because his bid was never accepted is not determined, where the parties had stipulated that the sole question involved was whether the uniform sales act applied to sales under the motor vehicle retail instalment sales contract act (CL 1948, §§ 440.21, 566.305, 566.314).

Appeal from Wayne; Maher (Thomas F.), J. Submitted April 5, 1955. (Docket No. 14, Calendar No. 46,375.) Decided June 6, 1955.

Case by Charles S. Toy against Griffith Oldsmobile Company, a Michigan corporation, and General Motors Acceptance Corporation, a foreign corporation, originally commenced by bill of complaint, for damages for breach of contract claimed made at public auction. Motion to dismiss granted. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur, Sales §§ 966–968.

*Charles S. Toy,* for plaintiff.

*Garan, Lucow & Miller,* for defendants.

Butzel, J.   Defendant Griffith Oldsmobile Company, a Michigan corporation, sold an Oldsmobile automobile on conditional sales contract and assigned the contract to defendant General Motors Acceptance Corporation.  In the record the words defendant and defendants are used interchangeably and in referring to them it is not necessary to determine which one or both of them is intended, as liability, were there any, is asserted against both of them. Default was made in the payments on the contract and after repossession, one of the defendants, the record does not show which, advertised the sale of the automobile in the Detroit News, the advertisement stating:

"Public Sale
"Olds 1953 Super 88 Convertible
"538 M, 35966, at 10225 Gd.
"River, Nov. 11, 10 A.M."

On the designated date plaintiff, who was not the original buyer, attended the sale.  He was informed by the auctioneer that if he bid $2,200 he could have the car.  However, plaintiff bid $1,600 and defendants refused to complete the sale, advising plaintiff of their intent to bid on the car themselves, and further telling plaintiff that if no further bids were received he would be so advised.  Plaintiff claims that he was not so advised and that the defendants refused his tender of $1,600 and sold the car to another party.

Plaintiff thereupon filed a bill in chancery for specific performance which, after defendants' motion to dismiss, was transferred to the law side of the court.  Plaintiff there filed an amended declaration

setting forth the above facts and asking for damages in the amount of $1,500, the difference between the market value of the car and his bid. Defendants filed a motion to dismiss claiming that the sale was duly conducted in accordance with the provisions of the motor vehicle retail instalment sales contracts act, CL 1948, § 566.301 *et seq.* (Stat Ann 1953 Cum Supp § 19.415[1] *et seq.*). The trial court granted the motion and plaintiff has appealed.

Appellant argues that in a sale of a repossessed automobile at auction, the seller has no right to bid unless such right is expressly reserved in the notice. Reliance is placed by plaintiff on the uniform sales act, CL 1948, § 440.21 (Stat Ann § 19.261) which provides:

"(3) A right to bid may be reserved expressly by or on behalf of the seller.

"(4) Where notice has not been given that a sale by auction is subject to a right to bid on behalf of the seller, it shall not be lawful for the seller to bid himself or to employ or induce any person to bid at such sale on his behalf, or for the auctioneer to employ or induce any person to bid at such sale on behalf of the seller or knowingly to take any bid from the seller or any person employed by him. Any sale contravening this rule may be treated as fraudulent by the buyer."

Defendants insist that the sale and their right to bid is specifically governed by the motor vehicle retail instalment sales contracts act, CL 1948, § 566.305 (Stat Ann 1953 Cum Supp § 19.415[5]), which provides:

"The seller shall give to the buyer not less than 10 days' written notice of the time and place of sale, either personally or by registered mail directed to the buyer at his last known place of business or residence. *The seller may bid for the motor vehicle at such sale;* if, however, the seller, directly or indirect-

ly, buys the motor vehicle at such sale, the proceeds of the resale shall be considered to be either the amount bid by the seller or the fair cash market value of the motor vehicle at the time of such resale, whichever is the greater." (Emphasis added.)

Plaintiff contends that the 2 statutes are *in pari materia* and that the provision of the sales act, requiring a specifically reserved right of the seller to bid, should in effect be read in, as an addition to, the motor vehicle retail instalment sales contracts act.

We cannot agree with this contention. The later act specifically deals with automobile sales at auction and *in haec verba* gives the right to the seller to bid for the car. It does not require a reservation of this right. In *Attorney General* v. *Contract Purchase Corporation,* 327 Mich 636, we held, *inter alia,* that a provision in the motor vehicle retail instalment sales contracts act allowing the seller to provide insurance for the buyer was not affected by a provision of the general insurance law requiring an agent to have a license. We said (p 647) "The statute expressly authorized the acts here done." Section 14 of the act, CL 1948, § 566.314 (Stat Ann § 19.415[14]), provides that:

"Except so far as they are applicable to retail instalment contracts made prior to the time when this act takes effect, all acts and parts of acts inconsistent herewith to the extent of such inconsistency are hereby repealed."

We hold that the quoted provisions of the uniform sales act, *supra,* relied on by plaintiff, are inapplicable. In specifically dealing with the subject of bids by a seller at an auction the later special statute must be considered as paramount over the former general one.

Defendant also contends that plaintiff has absolutely no right, title or interest in the subject matter

and cannot complain because, according to his own statement, his bid was never accepted. See CL 1948, § 440.21, subd (2) (Stat Ann § 19.261, subd[2]); 5 Am Jur, Auctions, § 17, p 455; 1 Restatement, Contracts, § 27. We shall not pursue this particular question inasmuch as the parties stipulated in open court that the sole question involved was whether the provisions of the uniform sales act applied to sales under the motor vehicle retail instalment sales contracts act.

We find no merit in plaintiff's claim on appeal. The granting of defendants' motion to dismiss is affirmed, with costs.

CARR, C. J., and SMITH, SHARPE, BOYLES, REID, DETHMERS, and KELLY, JJ., concurred.