JOHN M. DREW, Appellant, v. JOHN DEERE COMPANY OF SYRACUSE, INC., et al., Respondents.

Fourth Department, July 1, 1963.

*De Silver G. Drew* and *Dean A. Drew* for appellant.

*Costello, Cooney & Fearon* (*Angela E. Struglia* of counsel), for respondents.

HALPERN, J. This is an appeal from an order denying the plaintiff's motion to strike out the answer of the defendants as sham and frivolous and for summary judgment.

The theory of the complaint is that a contract by the corporate defendant to sell a certain tractor to the plaintiff had come into existence as the result of an auction sale conducted by the defendant and that the defendant breached the contract

by refusing to deliver the tractor upon the tender of the purchase price.

The corporate defendant was the assignee of a conditional sales contract covering the tractor, which it had repossessed upon the vendee's default. More than 50% of the purchase price having been paid, the defendant was required to resell the repossessed tractor at public auction (Personal Property Law, § 79). The defendant advertised the auction sale, stating that the property would be sold to the highest bidder at the sale. The plaintiff bid $1,500 at the sale but the auctioneer did not accept the bid; instead he announced that the defendant itself had bid $1,600 and accordingly the property was struck down to the defendant.

The plaintiff claims that the defendant was disqualified to bid because it had not announced in advance that it intended to bid pursuant to subdivision 4 of section 102 of the Personal Property Law. Hence, the plaintiff argues, his bid was the highest lawful bid and therefore a contract of sale came into existence between the plaintiff and the defendant for the sale of the tractor at the price bid.

The plaintiff's whole case rests upon the theory that the auction was one "without reserve". At such an auction, the owner of the property has no right to withdraw the property after bidding has commenced. It is also necessarily implicit in an auction "without reserve", that the owner of the property may not himself bid in the property, as this would be equivalent to withdrawing it from sale (Restatement, Contracts, § 27). Various legal theories have been advanced for the holding that the announcement that the auction would be "without reserve" imposes a binding legal obligation upon the owner, but the best view seems to be that the owner, by making such an announcement, enters into a collateral contract with all persons bidding at the auction that he will not withdrew the property from sale, regardless of how low the highest bid might be (Gower, "Auction Sales of Goods Without Reserve", 68 L. Q. Rev. 457; cf. *Warlow* v. *Harrison* [1859], 1 E. & E. 295, 309). Therefore, the highest bona fide bidder at an auction "without reserve" may insist that the property be sold to him or that the owner answer to him in damages (*Zuhak* v. *Rose*, 264 Wis. 286; *Forbes* v. *Hunter*, 223 Ill. App. 400; *Jones* v. *Hackensack Auto Wreckers*, 124 N. J. L. 289; 7 Am. Jur. 2d, Auctions and Auctioneers, § 21, p. 240; Ann. 37 A. L. R. 2d 1049, 1056; 1 Corbin, Contracts, § 108, p. 341; 2 Williston, Sales, § 297, p. 205).

On the other hand, in an auction sale not expressly announced to be " without reserve ", the owner may withdraw the property at any time before it is actually " knocked down " to a bidder by the auctioneer. There is no contract until the offer made by the bidder is accepted by the auctioneer's " knocking down " the property to him (Personal Property Law, § 102, subd. 2). " An auction ' with reserve ' is the normal procedure " (Uniform Commercial Code, § 2-328, Comment 2).

In our case, there was no express statement that the auction would be " without reserve ". The statement that the sale would be made to the highest bidder is not the equivalent of an announcement that the auction would be " without reserve " (cf. Personal Property Law, § 102, subd. 2; Uniform Commercial Code, § 2-328, subd. [3]). " An announcement that a person will sell his property at public auction to the highest bidder is a mere declaration of intention to hold an auction at which bids will be received " (7 C. J. S., Auctions and Auctioneers, § 1, subd. a, p. 1240; *Anderson* v. *Wisconsin Cent. Ry. Co.,* 107 Minn. 296, 314; 7 Am. Jur. 2d, Auctions and Auctioneers, § 20, p. 237).

Corbin writes that the auctioneer at an auction sale in asking for bids, does not make an operative offer. " This is true even though the seller or his representative has issued advertisements or made other statements that the article will be sold to the highest bidder, or is offered for sale to the highest bidder. Such statements are merely preliminary negotiation, not intended and not reasonably understood to be intended to affect legal relations. When such is the case, the seller or his representative is as free to reject the bids, highest to lowest, as are the bidders to withdraw them. The seller may at any time withdraw the article from sale, if he has not already accepted a bid. He need give no reasons; indeed, he rejects all bids by merely failing to accept them — by doing nothing at all. It is not necessary for him to say that ' the privilege is reserved to reject any and all bids.' Such a statement is merely evidence that the goods are not being offered ' without reserve ' " (1 Corbin, Contracts, § 108, pp. 338-340).

Since, upon the present record, the auction sale appears to have been " with reserve ", no contract of sale came into existence, even if we assume that the plaintiff was the highest lawful bidder (*Freeman* v. *Poole,* 37 R. I. 489). Concededly, the plaintiff's bid was never accepted. Therefore, the plaintiff's papers upon his motion for summary judgment fail to make out a cause of action for breach of contract.

In view of this conclusion, it is unnecessary to decide the legal questions discussed by the parties as to the meaning and effect of section 79 and subdivision 4 of section 102 of the Personal Property Law. Section 79 specifically authorizes the conditional vendor to bid at the sale of the repossessed article. It is argued by the defendant that this specific authority overrides the requirement of subdivision 4 of section 102 of the Personal Property Law that at any auction sale the owner of the property must expressly reserve the right to bid by announcement in advance, if he desires to bid. The soundness of this argument may well be doubted, although it is supported by a decision by the Supreme Court of Michigan (*Toy* v. *Griffith Oldsmobile Co.,* 342 Mich. 533, 536). Section 79 is designed to remove any disqualification of the conditional vendor or his assignee, vis-a-vis the original vendee. Subdivision 4 of section 102 is designed to protect the prospective bidders at an auction sale so that they will not be forced up in their bidding by secret bids on behalf of the owner. Section 102 specifically provides that if the owner has bid without an announcement in advance of his intention to do so, the successful bidder may, if he wishes, avoid the sale on the ground that it was fraudulent. It will be noted that in the Uniform Commercial Code, to go into effect September 27, 1964 (L. 1962, ch. 553), it is expressly provided that a sale of repossessed goods shall be conducted in accordance with the article on sales which contains a provision similar to subdivision 4 of section 102 (Uniform Commercial Code, § 9–504; § 2–328, subd. [3]).

But even if subdivision 4 of section 102 is held to be applicable to a conditional vendor's auction sale of repossessed goods, it does not help the plaintiff in this case. The plaintiff was not the successful bidder and he is not seeking to avoid a sale because he was misled into bidding a higher sum than he otherwise would have bid. The only remedy provided in the section, for a violation thereof, is the right of the successful bidder to nullify the sale. There is nothing in the statute which compels the owner to sell to the second highest bidder at an auction sale "with reserve", if the owner himself bid in the property without having announced his intention to bid.

We thus are brought back to the original point that the plaintiff's case depends upon a showing that the auction was one "without reserve". It is only in that type of auction that he could claim to be entitled to the purchase of the property at the amount bid by him, if his bid was the highest bona fide bid and was improperly topped by a bid by the owner (Restatement, Contracts, § 27, Illustration No. 4). If the auction was

" without reserve ", there was no need for the plaintiff to invoke subdivision 4 of section 102 to bar the defendant from bidding; if the auction was not one " without reserve ", subdivision 4 of section 102 does not help the plaintiff. The plaintiff has failed to show that the sale was one " without reserve ".

The plaintiff's motion for summary judgment was therefore properly denied. The defendant asks us to go further and to grant a summary judgment in favor of the defendant. We do not believe that this should be done. The plaintiff relied upon the announcement that the sale would be to the highest bidder as showing that the auction sale was to be " without reserve ". As we have seen, the announcement was insufficient of itself for that purpose but the plaintiff should be given an opportunity to produce any other evidence he may have on that subject. For that reason, summary judgment for the defendant should be denied.

The order appealed from should be affirmed.

BASTOW, J. P., GOLDMAN, McCLUSKY and HENRY, JJ., concur.

Order unanimously affirmed, without costs of this appeal to any party.