17-2469-cv
HoldCo Asset Mgmt., L.P. v. Wells Fargo Bank, N.A.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 6th day of July, two thousand eighteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             PETER W. HALL,
                   *Circuit Judges*.

_____

WELLS FARGO BANK, N.A., solely in its
Capacity as Trustee for Soloso CDO 2005-1
Ltd.,

                   *Plaintiff-Counter-Defendant-Appellee*,


               v.                                    17-2469-cv

HOLDCO ASSET MANAGEMENT, L.P.,
HOLDCO OPPORTUNITIES FUND II, L.P.,
OPPORTUNITIES II LTD.,
                   *Defendants-Counter-Claimants-Appellants*.

_____

Appearing for Appellants:     Jeffrey D. Sternklar (Seth B. McCormick, Brown McCormick
                              LLC, *on the brief*), Boston, MA.

Appearing for Appellee:     Michael M. Krauss, DLA Piper LLP (Peter J. Farrell, *on the brief*),
                            Minneapolis, MN.

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Appellants HoldCo Asset Management, L.P., HoldCo Opportunities Fund II, L.P., and Opportunities II Ltd. (collectively, "HoldCo") appeal from the July 12, 2017 judgment of the District Court for the Southern District of New York (Forrest, *J.*) granting summary judgment to Appellee Wells Fargo Bank, N.A., denying summary judgment to HoldCo on Wells Fargo's declaratory judgment action, and dismissing Holdco's counterclaims. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Wells Fargo is the trustee of Soloso CDO 2005-1 Ltd., a special-purpose entity that issued collateralized debt obligations ("CDOs") backed by investments in trust-preferred securities. *See Lansuppe Feeder, LLC v. Wells Fargo Bank*, No. 15-cv-7034, 2016 WL 5477741, at *1 (S.D.N.Y. Sept. 29, 2016) *appeal docketed*, No. 16-4061 (2d Cir. Dec. 2, 2016). Complying with the terms of Soloso's indenture and an order of the Southern District of New York, Wells Fargo announced on November 18, 2015 that it would be selling off the collateral in Soloso's trust estate in a series of five auctions. *See id.* at *6 (the court order). Through intermediaries, HoldCo submitted the highest bids for four of the securities that Soloso held as collateral at the fourth of these auctions. However, Wells Fargo, communicating through its liquidation agent Dock Street Capital Management LLC, declined to sell three of these assets to HoldCo. Wells Fargo had instructed Dock Street not to sell any of the collateral for less than a predetermined reserve price that Wells Fargo set for each asset, and HoldCo's bids for these three securities fell below that price.

The primary issue we are called upon to determine is whether the terms on which the auction was held allowed Wells Fargo to decline HoldCo's offer or whether it was bound to accept it.

An auction is a type of sale, and, like any sale, it is only complete when an offer has been accepted. *In re NextWave Personal Communications, Inc.*, 200 F.3d 43, 60 (2d Cir. 1999) ("As in contract law more generally, a sale by auction is valid only upon offer and acceptance."); N.Y.U.C.C. § 2-328; Restatement (Second) of Contracts § 28. New York follows the generally accepted practice of presuming that an auction is "with reserve," meaning that an invitation to bid is an advertisement for prospective buyers to make offers to the seller, which the seller may freely accept or reject. *See Drew v. John Deere Co. of Syracuse*, 241 N.Y.S.2d 267, 269-70 (4th Dep't 1963); *NextWave*, 200 F.3d at 60; *see also* 7 Am. Jur. 2d Auctions and Auctioneers § 34; N.Y.U.C.C. § 2-328(3); Uniform Land Transactions Act § 2-207(a); Restatement (Second) of Contracts § 28(1)(a). Under the "normal procedure," then, "[t]here is no contract until the offer made by the bidder is accepted by the auctioneer's 'knocking down' the property to him." *Drew*, 241 N.Y.S.2d at 269-70. A seller may, through "express statement," modify the normal procedures. *Id.* at 270. If a seller clearly indicates that an auction is "without reserve" or

"absolute," the invitation to bid functions as an offer to sell to the highest (qualified, bona-fide) bidder and bids are acceptances conditional on being the highest bid. *Id.* at 269; *see also* 7 Am. Jur. 2d Auctions and Auctioneers § 36. Conversely, a seller may declare that an auction is "conditional," reserving her right to reject offers even after the bidding has closed. *See Stonehill Capital Mgmt., LLC v. Bank of the West*, 28 N.Y.3d 439, 449 (2016); 7 Am. Jur. 2d Auctions and Auctioneers § 34.

HoldCo claims that Wells Fargo's invitation to bid expressly announced that the auction at issue was absolute. We disagree. The invitation to bid contains no language amounting to the "express statement" required by New York law to indicate an intent for an auction to proceed without reserve. *Drew*, 241 N.Y.S.2d at 270; *see also Stonehill*, 28 N.Y.3d at 451 (holding that a seller must send a "a forthright, reasonable signal" that "remove[s] any doubt of the parties' intent" to hold an auction that does not function in the normal manner) (internal quotation marks omitted). "[F]ormulaic language," such as that to which HoldCo points, will not do. *Id.* When the invitation to bid states that "[e]ach item of Collateral will be awarded only to the best bidder who is also a qualified bidder," App'x at 380, it only recites the practice common to all auctions that the sale, if made at all, will be made to the highest qualified bidder. In New York, it is long established that "[t]he statement that the sale [will] be made to the highest bidder is not the equivalent of an announcement that the auction [will] be 'without reserve.'" *Drew*, 241 N.Y.S.2d at 270. The mere fact that invitation to bid describes how the "winning bids shall be determined" without mentioning any discretionary determinations, App'x at 380, is not enough to make it clear that the standard practice of treating bids as offers will not apply. When the invitation to bid "specifically states…that '[u]nless otherwise specified, the Sale of each security will settle not later than on a T+3 basis (the 'Settlement Date'),'" Appellants' Br. at 20 (quoting App'x at 382), it only articulates a default term that will apply to the sale if made.

As the district court observed, this invitation to bid contains language that can be interpreted to affirmatively indicate an intent for the auction to proceed *with* reserve: "[t]he Trustee shall not be obligated to make any Sale and reserves the right to sell all or a part of the Collateral at a subsequent public or private Sale." App'x at 380; *see Wells Fargo Bank, N.A. v. HoldCo Asset Mgmt., L.P.*, No. 16-cv-6356, 2017 WL 2963501, at *8-11 (S.D.N.Y. July 11, 2017). HoldCo urges a contrary interpretation of that language, construing it to mean that Wells Fargo reserves its right to cancel is not the sale of any individual piece of collateral at the auction but the auction itself. We are not persuaded. At best, HoldCo identifies textual ambiguity, which, operating against the background presumption of New York law, indicates that the auction was with reserve.

HoldCo posits that a New Jersey case created a test whereby a seller manifests an intent to conduct an auction without reserve whenever it "(i) calls for sealed bids; (ii) states that the item will sell to the highest bidder and (iii) states that it will be delivered on a date certain." Appellants' Br. at 17. Aside from the fact that we are applying New York and not New Jersey law, the New Jersey case HoldCo relies on, *Golfinopoulous v. Padula*, 218 N.J. Super. 38 (App. Div. 1987), does not actually announce that test. *Golfinopoulous* held only that an invitation to bid that stated that a "[c]ontract will definitely be awarded on [the date of the auction] to the highest responsible bidder" committed a seller to sell to the highest bidder. *Id.* at 46. The

decision said nothing about the importance (or not) of sealed bids or the importance (or not) of the date of delivery.

HoldCo also urges us to consider evidence it offers for the proposition that the custom in the CDO liquidation business is to reverse the generally applicable presumption, such that auctions proceed without reserve unless express language indicates otherwise. But the evidence it offers—assuming arguendo its admissibility—is not even evidence of a trade usage or custom. HoldCo's evidence at best establishes that once CDO collateral is offered at auction, it nearly always sells. But there could be many reasons for this pattern that have nothing to do with industry customs. The evidence, as the district court rightly observed, "offers no way to mediate between an expectation that all collateral will trade because it usually does and an expectation that all collateral will trade because it must" according to the terms of the auction or the custom of the industry. *Wells Fargo*, 2017 WL 2963501, at \*13.

We have considered the remainder of HoldCo's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4